EASTERN DISTRICT COURT OF NEW YORK
UNITED STATES DISTRICT COURT
-------------------------------------------------------------------X
WASEEM AKRAM AND NADEEM AKRAM

Plaintiffs,

Civil Case No.:

-against-

**COMPLAINT**

KHURSHID MUGHAL AND MOHAMMED A. QAZI A/K/A ASHRAF QAZI,

Defendants.
-------------------------------------------------------------------X

Plaintiffs, Waseem Akram and Nadeem Akram (collectively, "Plaintiffs"), by and through their undersigned counsel, for their complaint against Defendants, Khurshid Mughal and Mohammed A. Qazi a/k/a Ashraf Qazi (collectively, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1. This is an action seeking monetary damages against defendant, Khurshid Mughal ("Mughal"), for breach of contract in the amount of $800,000.00 plus interest and attorneys' fees, monetary damages against Mughal for fraud, and further seeking damages against defendant Mohammed A. Qazi a/k/a Ashraf Qazi ("Qazi") in an amount to be determined at trial for aiding and abetting fraud.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332(a)(1) as the claims are between citizens of different states and the amount in controversy exceeds $75,000.00.

3. Venue is proper in this Court pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391(b).

## PARTIES

4. Waseem Akram ("Waseem") is a domiciliary of the State of New York with a residence located at 225 Bagatelle Road, Melville, New York.

5. Nadeem Akram ("Nadeem") is a domiciliary of the Province of Ontario with a residence located at 6657 Lisgar Drive, Mississauga, Ontario, Canada.

6. Upon information and belief, Mughal is a natural person, who is a domiciliary of the State of Texas with a residence located at 12983 Riverhill Road, Frisco, Texas.

7. Upon information and belief, Qazi is a natural person, who is a domiciliary of the State of Michigan with a residence located at 5520 Silver Pond, West Bloomfield, Michigan.

## STATEMENT OF FACTS

8. On November 16, 2016, the parties entered into an open court stipulation, which was memorialized by the parties respective counsel on the record. The parties agreed as follows:

> **Court Clerk:** In the matter of Sequel Systems, Inc., Waseem Akram and Nadeem Akram, Petitioners against and for the dissolution of Sequel Systems, Inc., Khurshid Mughal and Ashraf Qazi. Appearance for the record, please.
>
> **Mr. Asadullah:** Sardar Asadullah for Petitioner, Waseem Akram . . . Nadeem Akram and Sequel Systems, Inc.
>
> **Ms. Redmond:** Jennifer Redmond, Redmond Law PLLC, for Khurshid Mughal and Sequel Systems, Inc., Respondents.
>
> **Ms. Bernstein:** Carole R. Bernstein, Law Office of Carole R. Bernstein for Respondent, Mohammed Qazi named as Ashraf Qazi.
>
> * * *
>
> **Ms. Redmond:** The parties agree as follows: Respondent, Khurshid Mughal, to pay $800,000.00 to Petitioners as follows: The first $100,000 to be paid within 10 days. Upon exchange of the payments, Petitioners to relinquish all corporate documents in their possession, including but not limited to Stock Certificates, Corporate Book, corporate e-mails, server, any corporate documentation related to the corporation. The second payment to be made six months thereafter for $100,000. The third payment to be made six months thereafter for $100,000. And

> the balance of $500,000 to be paid each year thereafter in quarterly installments of $25,000 for a total of . . . 100,000 per year.
>
> ***
>
> **Ms. Redmond:** The parties so agree.
>
> **Mr. Asadullah:** So Stipulated.
>
> **Mr. Bernstein:** So Stipulated. (Transcript of Open Court Stipulation of Settlement (the "Stipulation"), dated November 16, 2015, attached hereto as Exhibit "A")).

9. Mughal disputed the validity of the Stipulation in order to delay payments to the Plaintiffs. However, the Stipulation was held enforceable by a Decision and Order, dated November 02, 2016 (the "Order"). Pursuant to the terms of the Order, Mughal is personally obligated to pay the amount of $800,000.00 (the "Settlement Sum") to the Plaintiffs. In addition, the Order provides that the parties must comply with the terms of the Stipulation within ninety (90) days of the date of the Order.

10. Mughal is in breach of the Stipulation and the Order. Mughal has failed to pay any portion of the Settlement Sum to the Plaintiffs.

11. Upon information and belief, Mughal does not intend to pay the Settlement Sum despite a clear obligation to pay.

12. Upon information and belief, Mughal has been fraudulently taking steps to avoid payment of the Settlement Sum.

13. Upon information and belief, Qazi has knowledge of Mughal's fraudulent conduct and has been complicit in Mughal's scheme to defraud the Plaintiffs.

14. Upon information and belief, Mughal is transferring Sequel Systems, Inc.'s ("Sequels") assets to Pakistan to further his fraudulent scheme.

15. Upon information and belief, in August 2015, Mughal formed SequelMed, LLC, which is a Texas limited liability company. SequelMed, LLC's office is located at 12983 Riverhill

Road, Frisco Texas, which is Mughal's Texas residence. SequelMed, LLC was formed for the sole purpose of syphoning assets from Sequel and to fraudulently avoid Mughal's payment obligation under the Stipulation.

16. Upon information and belief, in January 2016, shortly after the open court stipulation of settlement, Mughal formed iSequelMed, LLC ("iSequelMed"), which is also a Texas limited liability company. iSequelMed's office is also located at Mughal's residence.

17. Upon information and belief, Mughal is using these companies to divert Sequel's assets and usurp Sequel's corporate opportunities.

18. Upon information and belief, in addition to moving Sequel's new clients to Mughal's newly formed Texas entities, Mughal is also moving Sequel's current clients to his Texas entities.

19. Upon information and belief, Mughal has manipulated Sequels' website to further his fraud. Prior to the open court stipulation of settlement, the domain names www.sequelsystems.com and www.sequelsys.com directed customers to www.sequelmed.com, which is Sequel's main page. However, both of these domains have been deactivated. This is now being done to fool the public into believing that SequelMed is software that is owned and developed by SequelMed Corporation. SequelMed Corporation was formed to protect the name "SequelMed," because it is used in the name of many Sequel products.

20. Upon information and belief, Mughal is intentionally delaying payments under the Stipulation so that he can transfer personal and corporate assets abroad.

21. Mughal locked Plaintiffs out of Sequel four years ago. Upon information and belief, Mughal has been transferring shareholder profits to Pakistan and retaining all profits for himself throughout this time.

22. Upon information and belief, Mughal has been laundering money through various shell corporations to deprive the Plaintiffs a return on their investment, which has caused the Plaintiffs significant monetary damages.

23. Upon information and belief, Mughal's scheme of laundering money through shell corporations is also being utilized to pay Qazi at least two million dollars. Upon information and belief, in return for this payment, Qazi has assisted Mughal by falsifying corporate agreements and being complicit in Mughal's scheme to avoid his payment obligation under the Stipulation.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Breach of Contract Against Khurshid Mughal)

24. The plaintiffs repeat and reallege paragraphs "1" through "23" with the same force and effect as if set forth herein.

25. On November 16, 2015, the Plaintiffs and Mughal entered into a binding agreement.

26. The Stipulation and subsequent Order provide that Mughal must pay the Settlement Sum to the Petitioner.

27. To the extent required, the Petitioners have performed their obligations under the Stipulation and Order.

28. Mughal has materially breached the terms of the Stipulation by failing to pay any portion of the Settlement Sum.

29. By reason of the foregoing breach of the Stipulation, Plaintiffs have suffered monetary damages, in an amount to be determined at trial.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Common Law Fraud Against Khurshid Mughal)

30. Plaintiffs repeat and reallege paragraphs "1" through "29" with the same force and effect as if set forth herein.

31. Since entering into the Stipulation, Mughal has been systematically taking steps to avoid his payment obligations under the Stipulation.

32. Upon information and belief, Mughal has been transferring the assets of Sequel Systems, Inc. ("Sequel Systems") to entities owned solely by Mughal.

33. Upon information and belief, Mughal has knowingly usurped the corporate opportunities of Sequel Systems.

34. Based upon the foregoing fraud, Plaintiffs have suffered injury monetary damages in an amount to be determined at trial.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Aiding and Abetting Fraud Against All Defendants)

35. Plaintiffs repeat and reallege paragraphs "1" through "34" with the same force and effect as if set forth herein.

36. Upon information and belief, Qazi had knowledge of the fraud being committed by Mughal to avoid his personal obligation under the Stipulation and Order.

37. Upon information and belief, Qazi has substantially assisted Mughal's fraud by being complicit with Mughal's transfer of corporate assets.

38. Upon information and belief, Qazi claims to own ninety percent of Sequel Systems, which is not true.

39. Upon information and belief, Qazi received tax benefits by claiming Sequel Systems losses even though these losses were fraudulent.

40. Upon information and belief, Qazi and Mughal have entered into an agreement whereby Mughal would pay Qazi approximately two million dollars to secure Qazi's cooperation with Mughal's fraudulent scheme.

41. Upon information and belief, Qazi has knowledge of Mughal's fraudulent activity and is receiving payments from Mughal in Pakistan.

42. By reason of the foregoing fraud, Plaintiffs have suffered monetary damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiffs pray that this Honorable Court enter judgment:

a. on their first claim for relief, against defendant Khurshid Mughal for compensatory damages in an amount not less than $800,000.00, exclusive of interest and costs, and attorneys' fees;

b. on their second claim for relief, against defendant Khurshid Mughal for an amount to be determined at trial for compensatory damages, interest and costs, and punitive damages;

c. on their third claim for relief, against defendant Mohammed A. Qazi a/k/a Ashraf Qazi for an amount to be determined at trial for compensatory damages, interest and costs, and punitive damages.

Dated: Hempstead, New York
May 05, 2017

SARDAR M. ASADULLAH, PLLC

By: ________________________

Sardar M. Asadullah
*Attorneys for Plaintiffs*
556 Peninsula Boulevard
Hempstead, New York 11550
P: 631.615.8040