LAW OFFICES OF

CAROLE R. BERNSTEIN

41 MAPLE AVENUE NORTH
WESTPORT, CONNECTICUT 06880

ADMITTED IN NY AND CT

TELEPHONE (203) 255-8698
FACSIMILE (203) 259-4735

NEW YORK OFFICE
340 EAST 80TH STREET
SUITE 20L
NEW YORK, NEW YORK 10075

June 27, 2017

Via ECF and Federal Express
Judge Denis R. Hurley
United States District Court
100 Federal Plaza
Central Islip, New York 11722

Re: Waseem Akram and Nadeem Akram v. Khurshid Mughal, et ano.
Civ. No. 17cv2758(DRH)(AYS)

Dear Judge Hurley:

I represent Mohammad Qazi in connection with the referenced action. Although Mr. Qazi has yet to be served in this action with the complaint dated May 5, 2017 (the "Complaint"), I became aware of the Complaint on May 19, 2017. Kindly accept this letter as a request for a pre-motion conference as I intend to file a motion pursuant to Fed. Civ. R. Pro. 11(c) ("Rule 11"), and, at the appropriate time, a motion pursuant to Fed. R. Civ. Pro. 12(b)(6) and 9(b).

By (a detailed) letter dated June 2, 2017 (the "21-day letter"), I advised Plaintiffs' counsel, Sardar Asadullah, Esq., of my belief that the claims in the Complaint are frivolous and not warranted by any law or fact, thus violating Rule 11. I requested that he withdraw the Complaint before further attorney's fees and costs were needlessly incurred. Along with the 21-day letter, I annexed an undated Notice of Motion seeking Rule 11 sanctions. It has been 25 days since I emailed and mailed the 21-day letter via Federal Express. Mr. Asadullah has thus far failed to withdraw the Complaint against Mr. Qazi[1].

**Relevant Background**

In order to appreciate the complete lack of factual basis and the improper purpose associated with filing the Complaint against Mr. Qazi, some background is in order. In

[1] Mr. Asadullah told me on Friday June 23, 2017 that he would be "amending" the Complaint in "about 2 weeks" and that he did not intend to name Mr. Qazi. I insisted that Mr. Asadullah withdraw the Complaint against Mr. Qazi and stated that Mr. Qazi is not required to wait around for Mr. Asadullah to amend the complaint. Filing a withdrawal takes all of two minutes, which I explained. In a subsequent communication, on June 25, 2017, Mr. Asadullah stated that he would withdraw the complaint "upon his return to the office on Tuesday (June 27, 2017)." As of the filing of this pre-motion letter, Mr. Asadullah has not done so. Given the scurrilous allegations against Mr. Qazi in the Complaint coupled with the fact that Mr. Asadullah has had plenty of time to withdraw the Complaint, I am constrained to move forward.

February 2015, Mr. Asadullah filed a Verified Petition (the "Petition") against the defendants herein in the Supreme Court of the State of New York, Suffolk County entitled *Sequel Systems, Wasseem Akram and Nadeem Akram v. Sequel Systems, Inc., Khurshid Mughal and Ashraf Qazi*, Index No. 601594/2015 (the "State Court Action") to, *inter alia*, judicially dissolve Sequel pursuant to BCL §1104-a.[2] The sole allegation in the Petition concerning Mr. Qazi is that in light of the financial hardship faced by Sequel, he invested $2 million in Sequel in 2003.[3]

**The State Court Action Settlement in Open Court**

It is precisely based on Mr. Qazi's utter lack of involvement in any alleged wrongdoing that Mr. Asadullah's clients (Plaintiffs, herein) settled the State Court Action in open court on November 16, 2015 (the "Stipulation of Settlement") and neither sought nor received any monetary payment from Mr. Qazi. Indeed, plaintiffs only required a monetary payment from Mughal/Sequel for $800,000.00. Sadly, the instant Complaint simply repackages Plaintiffs' claim against Mughal for failing to make payment on the Stipulation of Settlement (a claim they have interposed *against Mughal alone* in the form of a proposed motion for contempt in the State Court Action) into a claim for fraud in this action, and in the most outlandish and factually baseless allegations, accuses Mr. Qazi of "aiding and abetting" such fraud.

**The Frivolous Complaint Filed Against Mr. Qazi**

Inasmuch as it appears that Mr. Asadullah is not satisfied with the result in the State Court Action, (or is simply frustrated by the clerk's rejection of his proposed Judgment *against Mughal alone* in late April 2017), he chose to institute the instant action in an improper attempt to harass Mr. Qazi (who had *no* monetary or other obligation in the so-ordered Stipulation of Settlement, except to give his clients a release upon receipt of same from them). The instant Complaint alleges:

1. "Upon information and belief, Qazi has knowledge of ... Mughal's fraudulent conduct and has been complicit in Mughal's scheme to defraud the Plaintiffs." (Complaint, ¶ 13);
2. "Upon information and belief, Mughal's scheme of laundering money through shell corporations is also being utilized to pay Qazi at least two million dollars." (Complaint, ¶ 23);
3. "Upon information and belief, in return for this payment, Qazi has assisted Mughal by falsifying corporate agreements and being complicit in Mughal's

---

[2]The petition for relief pursuant to BCL §626 was improperly brought as plaintiffs did not own at least twenty percent or more of the votes of all outstanding shares at the time of the filing of the Petition, nor were plaintiffs shareholders at the time of the filing of the Petition.

[3] In the Complaint, Mr. Asadullah falsely alleged that in exchange, Mr. Qazi received a 35% ownership interest. This is incorrect as the documentary evidence that was produced to Mr. Asadullah in the State Court Action demonstrated that by the time the Petition was filed, Mr. Qazi was a 90% owner of Sequel. Indeed, Mr. Asadullah confirmed as such *in open court and on the record*, at the time the parties entered into an on-the-record Stipulation of Settlement—the same Stipulation of Settlement Mr. Asadullah claimed was breached by Mughal in the Complaint.

scheme to avoid his payment obligation under the Stipulation [of Settlement dated November 16, 2015]" (Complaint, ¶23);

4. "Upon information and belief, Qazi had knowledge of the fraud being committed by Mughal to avoid [Mughal's] personal obligation under the Stipulation and Order." (Complaint, ¶36);
5. "Upon information and belief Mr. Qazi has substantially assisted Mughal's fraud by being complicit with Mughal's transfer of corporate assets." (Complaint, ¶37);
6. "Upon information and belief, Qazi received tax benefits by claiming Sequel Systems [sic] losses even though these losses were fraudulent." (Complaint, ¶39);
7. "Upon information and belief, Qazi and Mughal have entered into an agreement whereby Mughal would pay Qazi approximately two million dollars to secure Qazi's cooperation with Mughal's fraudulent scheme." (Complaint, ¶ 40); and
8. "Upon information and belief, Qazi has knowledge of Mughal's fraudulent activity and is receiving payments from Mughal in Pakistan." (Complaint, ¶ 41).

In the Rule 11 Motion, we will demonstrate that each of these allegations is either frivolous or non-legal in nature, factually irrelevant or is intentionally false and misleading. First, nearly each and every allegation contained in the Complaint against both Mr. Mughal and Mr. Qazi is made "upon information and belief." "Tolerance of factual contentions in initial pleadings by plaintiffs … when specifically identified as made on information and belief does not relieve litigants from the obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances; *it is not a license to …make claims…without any factual basis or justification…*" *Saltz v. City of New York*, 129 F. Supp.2d 642, 646 (S.D.N.Y. 2001), *citing* to Advisory Committee Notes to the 1993 Amendments to Rule 11 (italics supplied). The Rule 11 Motion will demonstrate that Mr. Asadullah failed to conduct a reasonable investigation in order to legitimately certify that the allegations against Mr. Qazi had substance. The allegations with regard to Mr. Qazi are conclusory and provide absolutely no factual basis beyond mere conjecture and suspicion which are wholly inadequate to support an aiding and abetting claim against Mr. Qazi.

**<u>The Claim Against Mr. Qazi for Aiding and Abetting a Fraud Is Frivolous, Fails to State a Cause of Action and is Pled Without Requisite Specificity.</u>**

The Rule 11 Motion (and any future Rule 12(b)(6) and Rule 9 (b) motions) will demonstrate that Mr. Asadullah has likewise failed to engage in any legal research regarding the claims asserted in the Complaint. For instance, the only claim asserted against Mr. Qazi is one for aiding and abetting a fraud. The essential elements of aiding and abetting fraud under New York law are: (1) the existence of a fraud; (2) a defendant's knowledge of the fraud; and (3) that the defendant provided substantial assistance to advance the fraud's commission. *Wight v. Bankamerica Corp.*, 219 F.3d 79, 91 (2d Cir. 2000).

Thus, in order to properly allege a claim for aiding and abetting fraud against Mr. Qazi, Mr. Asadullah must properly plead (and prove) a claim for fraud against Mughal, which he has not done. Mr. Asadullah has failed to allege that Mughal made (i) a representation concerning a material fact; (ii) the falsity of that representation; (iii) scienter; (iv) reliance and (v) damages. Inasmuch as the Complaint fails to allege a fraud claim against Mughal, *a fortiori*, there can be no claim for aiding and abetting a fraud as to Mr. Qazi. The fraud claim fails for the additional reason that Plaintiffs' entire fraud claim against Mughal appears to rest upon Mughal's failure to

pay them under the Stipulation of Settlement—which amounts to a breach of an agreement. A contract action cannot be converted to one for fraud merely by alleging that the contracting party did not intend to meet its contractual obligations. *Turnbull v. Kling*, 1999 WL 672561 (S.D.N.Y. 1999) (failure to make any payments as required by a settlement agreement cannot properly form the basis for a fraud). Inasmuch as the fraud claim alleged against Mughal is simply a breach of contract claim, no claim for fraud lies and thus no claim for aiding and abetting fraud can lie against Mr. Qazi.

In the Rule 11 Motion, we will also demonstrate that Mr. Asadullah has failed to comply with the heightened pleading rules applicable to claims of fraud and aiding and abetting fraud—nearly all of which are comprised of conclusory allegations. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. The Second Circuit has applied the heightened pleading requirements of Rule 9(b) to claims for aiding and abetting fraud. *See, e.g., Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 292 (2d Cir.2006). Thus, conclusory allegations of fraud may be dismissed under Rule 9(b). *Rosner v. Bank of China*, 2008 WL 5416380 at *4 (S.D.N.Y. 2008). Importantly, and equally ignored by Mr. Asadullah, the Second Circuit has "construed Rule 9(b) strictly in order to minimize strike suits, to protect defendants ... from harm to their reputation resulting from ungrounded actions, and to give defendants notice of the precise conduct in issue." *Billard v. Rockwell Int'l Corp.*, 683 F.2d 51, 57 (2d Cir.1982). The false and baseless allegations against Mr. Qazi are quasi-criminal and merely by the filing of the Complaint, present the very real possibility of grave consequences to Mr. Qazi.

Please feel free to contact me regarding a telephonic or in-person conference and/or a briefing schedule on the Rule 11 motion.

Respectfully submitted,

Carole R. Bernstein

cc: Sardar Asadullah, Esq.
Steven Spada, Esq.