**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WASEEM AKRAM AND NADEEM AKRAM,<br><br>Plaintiffs,<br><br>-against-<br><br>KHURSHID MUGHAL AND MOHAMMED A. QAZI A/K/A ASHRAF QAZI,<br><br>Defendants. | **Case No. 17-cv-02758(DRH)(AYS)**<br><br>**ANSWER WITH COUNTERCLAIMS** |

Defendant Khurshid Mughal ("Defendant"), by his attorneys Redmond Law PLLC, as and for his answer to the complaint (the "Complaint") of plaintiffs Waseem Akram and Nadeem Akram (collectively, "Plaintiffs") in the above-captioned action, hereby allege as follows:

## NATURE OF THE ACTION

1. Denies the allegations contained in paragraph "1" of the Complaint and respectfully refers the Court to the documents cited therein for all questions of law to be determined at the time of trial.

## JURISDICTION AND VENUE

2. Denies the allegations contained in paragraph "2" of the Complaint and respectfully refers the Court to all statutes cited therein for all questions of law to be determined at the time of trial.

3. Denies the allegations contained in paragraph "3" of the Complaint and respectfully refers the Court to the statutes cited therein for all questions of law to be determined at the time of trial.

## PARTIES

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

6. Admits the allegations contained in paragraph "6" of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

## STATEMENT OF FACTS

8. Denies the allegations contained in paragraph "8" of the Complaint and respectfully refers the Court to the documents cited therein for all questions of law to be determined at the time of trial.

9. Denies the allegations contained in paragraph "9" of the Complaint and respectfully refers the Court to the documents cited therein for all questions of law to be determined at the time of trial.

10. Denies the allegations contained in paragraph "10" of the Complaint and respectfully refers the Court to the documents cited therein for all questions of law to be determined at the time of trial.

11. Denies the allegations contained in paragraph "11" of the Complaint.

12. Denies the allegations contained in paragraph "12" of the Complaint.

13. Denies the allegations contained in paragraph "13" of the Complaint.

14. Denies the allegations contained in paragraph "14" of the Complaint.

15. Denies the allegations contained in paragraph "15" of the Complaint and respectfully refers the Court to the documents cited therein for all questions of law to be determined at the time of trial.

16. Denies the allegations contained in paragraph "16" of the Complaint.

17. Denies the allegations contained in paragraph "17" of the Complaint.

18. Denies the allegations contained in paragraph "18" of the Complaint.

19. Denies the allegations contained in paragraph "19" of the Complaint.

20. Denies the allegations contained in paragraph "20" of the Complaint and respectfully refers the Court to the documents cited therein for all questions of law to be determined at the time of trial.

21. Denies the allegations contained in paragraph "21" of the Complaint.

22. Denies the allegations contained in paragraph "22" of the Complaint.

23. Denies the allegations contained in paragraph "23" of the Complaint.

**AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION**

24. Responding to paragraph "24" of the Complaint, Defendant repeats, reiterates and re-alleges each and every answer above with the same force and effect as if more fully set forth at length herein.

25. Denies the allegations contained in paragraph "25" of the Complaint and respectfully refers the Court to the documents cited therein for all questions of law to be determined at the time of trial.

26. Denies the allegations contained in paragraph "26" of the Complaint and respectfully refers the Court to the documents cited therein for all questions of law to be determined at the time of trial.

27. Denies the allegations contained in paragraph "27" of the Complaint and respectfully refers the Court to the documents cited therein for all questions of law to be determined at the time of trial.

28. Denies the allegations contained in paragraph "28" of the Complaint and respectfully refers the Court to the documents cited therein for all questions of law to be determined at the time of trial.

29. Denies the allegations contained in paragraph "29" of the Complaint and respectfully refers the Court to the documents cited therein for all questions of law to be determined at the time of trial.

**AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION**

30. Responding to paragraph "30" of the Complaint, Defendant repeats, reiterates and re-alleges each and every answer above with the same force and effect as if more fully set forth at length herein.

31. Denies the allegations contained in paragraph "31" of the Complaint. Plaintiffs' entire second cause of action against Defendant, including the allegation contained in paragraph "31" was discontinued without prejudice pursuant to the Stipulation So Ordered by Judge Hurley on December 14, 2017.

32. Denies the allegations contained in paragraph "32" of the Complaint. Plaintiffs' entire second cause of action against Defendant, including the allegation contained in paragraph "32" was discontinued without prejudice pursuant to the Stipulation So Ordered by Judge Hurley on December 14, 2017.

33. Denies the allegations contained in paragraph "33" of the Complaint. Plaintiffs' entire second cause of action against Defendant, including the allegation contained in paragraph

"33" was discontinued without prejudice pursuant to the Stipulation So Ordered by Judge Hurley on December 14, 2017.

34. Denies the allegations contained in paragraph "34" of the Complaint. Plaintiffs' entire second cause of action against Defendant, including the allegation contained in paragraph "34" was discontinued without prejudice pursuant to the Stipulation So Ordered by Judge Hurley on December 14, 2017.

**AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION**

35. Responding to paragraph "35" of the Complaint, Defendant repeats, reiterates and re-alleges each and every answer above with the same force and effect as if more fully set forth at length herein.

36. Denies the allegations contained in paragraph "36" of the Complaint. Plaintiffs' entire third cause of action against Defendant, including the allegation contained in paragraph "36" was discontinued without prejudice pursuant to the Stipulation So Ordered by Judge Hurley on December 14, 2017.

37. Denies the allegations contained in paragraph "37" of the Complaint. Plaintiffs' entire third cause of action against Defendant, including the allegation contained in paragraph "37" was discontinued without prejudice pursuant to the Stipulation So Ordered by Judge Hurley on December 14, 2017.

38. Denies the allegations contained in paragraph "38" of the Complaint. Plaintiffs' entire third cause of action against Defendant, including the allegation contained in paragraph "38" was discontinued without prejudice pursuant to the Stipulation So Ordered by Judge Hurley on December 14, 2017.

39. Denies the allegations contained in paragraph "39" of the Complaint. Plaintiffs' entire third cause of action against Defendant, including the allegation contained in paragraph "39" was discontinued without prejudice pursuant to the Stipulation So Ordered by Judge Hurley on December 14, 2017.

40. Denies the allegations contained in paragraph "40" of the Complaint. Plaintiffs' entire third cause of action against Defendant, including the allegation contained in paragraph "40" was discontinued without prejudice pursuant to the Stipulation So Ordered by Judge Hurley on December 14, 2017.

41. Denies the allegations contained in paragraph "41" of the Complaint. Plaintiffs' entire third cause of action against Defendant, including the allegation contained in paragraph "41" was discontinued without prejudice pursuant to the Stipulation So Ordered by Judge Hurley on December 14, 2017.

42. Denies the allegations contained in paragraph "42" of the Complaint. Plaintiffs' entire third cause of action against Defendant, including the allegation contained in paragraph "42" was discontinued without prejudice pursuant to the Stipulation So Ordered by Judge Hurley on December 14, 2017.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

43. Plaintiffs' Complaint, or portions thereof, fails to state a cause of action for which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

44. Plaintiffs' Complaint, or portions thereof, is barred by Plaintiffs' failure to meet statutory and/or contractual conditions precedent.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

45. Plaintiffs' Complaint, or portions thereof, is barred by the doctrine of laches, waiver, estoppel and/or res judicata.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

46. Plaintiffs' lacks standing.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

47. Upon information and belief, any monies due and owing to Plaintiffs are less than pleaded and/or improperly calculated.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

48. Plaintiffs' Complaint, or portions thereof, is barred to the extent Plaintiffs failed, refused or neglected to mitigate or avoid the damages complaint of in the Complaint.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

49. Plaintiffs' Complaint, or portions thereof, should be barred or reduced as a result of set-off.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

50. Plaintiffs' Complaint, or portions thereof, is barred by the doctrine of unclean hands.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

51. Plaintiffs' Complaint, or portions thereof, is barred by reason of its contractual breaches.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

52. Plaintiffs have through representations or actions waived their right with respect to Plaintiffs' claims, or portions thereof.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

53. Defendant was prevented from performing any contractual duties as a result of the action and/or inaction of Plaintiffs.

## FACTS COMMON TO ALL COUNTERCLAIMS

54. Defendant is a resident of the State of Texas, having a residence located at 12983 Riverhill Road, Frisco, Texas.

55. Upon information and belief, Waseem Akram is a resident of the State of New York with a residence located at 225 Bagatelle Road, Melville, New York.

56. Upon information and belief, Nadeem Akram is a domiciliary of the Province of Ontario with a residence located at 6657 Lisgar Drive, Mississauga, Ontario, Canada.

57. On or about October 24, 2016, Plaintiffs, Defendant, and other third-parties not a party to this action, entered into an agreement ("Contract").

58. Defendant has fully performed all of his obligations under the Contract, excepting those obligations that the performance of which was prevented by the actions and/or omissions of Plaintiffs.

59. Plaintiffs have failed to perform their obligations under the Contract, although duly demanded.

## AS AND FOR A FIRST COUNTERCLAIM

60. Defendant repeats and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

61. Defendant has fully performed all of his obligations under the Contract, excepting those obligations that the performance of which was prevented by the actions and/or omissions of Plaintiffs.

62. Plaintiffs have breached the Contract by failing to relinquish all Sequel Systems Inc.'s ("Sequel Systems") corporate documents in their possession, including but not limited to Stock Certificates, corporate book, corporate e-mails, server, and any corporate documentation related to Sequel Systems.

63. Defendant has been damaged as a result of Plaintiffs' breach of the Contract.

64. By reason of the foregoing, Defendant is entitled to a judgment against Plaintiffs, joint and severally, in an amount to be determined at trial, together with interest, costs, disbursements and attorneys' fees.

**AS AND FOR A SECOND COUNTERCLAIM**

65. Defendant repeats and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

66. Defendant has fully performed all of his obligations under the Contract, excepting those obligations that the performance of which was prevented by the actions and/or omissions of Plaintiffs.

67. Plaintiffs have breached the Contract by failing to hold the Sequel Systems' domain in Plaintiffs' counsels' escrow.

68. Defendant has been damaged as a result of Plaintiffs' breach of the Contract.

69. By reason of the foregoing, Defendant is entitled to a judgment against Plaintiffs, joint and severally, in an amount to be determined at trial, together with interest, costs, disbursements and attorneys' fees.

**AS AND FOR A THIRD COUNTERCLAIM**

70. Defendant repeats and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

71. Defendant has fully performed all of his obligations under the Contract, excepting those obligations that the performance of which was prevented by the actions and/or omissions of Plaintiffs.

72. Plaintiff has breached the Contract by failing to provide releases as required by the Contract.

73. Plaintiff has breached the Contract by failing to provide a stipulation of discontinuance with prejudice as required by the Contract.

74. Defendant has been damaged as a result of Plaintiffs' breach of the Contract.

75. By reason of the foregoing, Defendant is entitled to a judgment against Plaintiffs, joint and severally, in an amount to be determined at trial, together with interest, costs, disbursements and attorneys' fees.

## AS AND FOR A FOURTH COUNTERCLAIM

76. Defendant repeats and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

77. Defendant and Plaintiffs are parties to the Contract.

78. Plaintiffs had an implied obligation to administer the Contract so as to not deprive Defendant of the benefits rightfully owed to him under the Contract.

79. By Plaintiffs seeking an $800,000 judgment against Defendant while withholding the benefits rightfully owed to Defendant under the Contract, Plaintiffs effectively withheld from Defendant the intended benefits of the Subcontract.

80. Plaintiffs' conduct was deliberate.

81. As a result of its breach of the implied covenant of good faith and fair dealing, Plaintiffs are justly indebted to Defendant in an amount to be determined at trial, together with interest, costs, disbursements and attorneys' fees.

## AS AND FOR A FIFTH COUNTERCLAIM

82. Defendant repeats and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

83. Defendant has fully performed all of his obligations under the Contract, excepting those obligations that the performance of which was prevented by the actions and/or omissions of Plaintiffs.

84. The Plaintiffs anticipatorily repudiated the Contract without cause by refusing to provide the Sequel Systems' corporate documents as required by the Contract.

85. The Plaintiffs anticipatorily repudiated the Contract without cause by refusing to hold the Sequel Systems' domain in Plaintiffs' counsels' escrow as required by the Contract.

86. The Plaintiffs anticipatorily repudiated the Contract without cause by refusing to provide releases as required by the Contract.

87. The Plaintiffs anticipatorily repudiated the Contract without cause by refusing to provide a stipulation of discontinuance as required by the Contract.

88. The Contract depends on Plaintiffs' performance prior to any designated performance by Defendant and before Plaintiffs' receive any consideration due to it under the Contract.

89. As a result of Plaintiffs' repudiation, Defendant has been damaged in an amount to be determined at trial.

90. By reason of the foregoing, Defendant is entitled to a judgment against Plaintiffs, joint and severally, in an amount to be determined at trial, together with interest, costs, disbursements and attorneys' fees, for the damages caused by Plaintiffs' anticipatory breaches.

**WHEREFORE**, Defendant demands judgment as follows:

(1) On its First Counterclaim against Plaintiffs, joint and severally, awarding Defendant damages in an amount to be determined at trial, together with interest, costs, disbursements and attorneys' fees.

(2) On its Second Counterclaim against Plaintiffs, joint and severally, awarding Defendant damages in an amount to be determined at trial, together with interest, costs, disbursements and attorneys' fees.

(3) On its Third Counterclaim against Plaintiffs, joint and severally, awarding Defendant damages in an amount to be determined at trial, together with interest, costs, disbursements and attorneys' fees.

(4) On its Fourth Counterclaim against Plaintiffs, joint and severally, awarding Defendant damages in an amount to be determined at trial, together with interest, costs, disbursements and attorneys' fees.

(5) On its Fifth Counterclaim against Plaintiffs, joint and severally, awarding Defendant damages in an amount to be determined at trial, together with interest, costs, disbursements and attorneys' fees.

(6) Dismissing Plaintiffs' claims set forth in the Complaint, with prejudice;

(7) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
December 29, 2017

Steven E. Spada, Esq.
Redmond Law PLLC
Attorneys for Defendant Khurshid Mughal
80 Broad Street, Suite 1202
New York, New York 10004
(212) 799-8989