UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

WASEEM AKRAM and NADEEM AKRAM,

                Plaintiffs,

-against-

KHURSHID MUGHAL,

                Defendant.
---------------------------------------------------------------x

**ORDER**
CV 17-2758 (AMD)(AYS)

**SHIELDS, United States Magistrate Judge:**

Presently before the Court is Defendant's motion for reconsideration of the Court's Order dated September 8, 2022, denying his motion to strike Plaintiff's Complaint for failure to produce requested discovery and instead granting sanctions in the form of a preclusion order and reasonable attorney's fees and costs. Plaintiff has not filed any opposition to the motion. For the following reasons, the Court grants Defendant's motion for reconsideration and, upon reconsideration, adheres to its prior ruling.

The Court first notes that it appears from the docket sheet herein that Defendant has filed an interlocutory appeal of the Court's September 8, 2022 Order. (Docket Entry ("DE") [79].) "Normally, 'the filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" Talal v. Supreme Court of New York County, No. 22-CV-1476, 2022 WL 826324, at *2 n.2 (S.D.N.Y. Mar. 18, 2022) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)). An exception to this rule, however, "applies where it is clear that the appeal is defective, for example, because the order appealed from is not final and has not been certified for an interlocutory appeal." Gortat v. Capala Bros., Inc., No. 07-CV-3629, 2008 WL 5273960, at *1 (E.D.N.Y. Dec. 18, 2008) (citation omitted). Where such is

1

the case, as it is here, the court "may ignore an appeal from a non-appealable order and proceed to exercise jurisdiction" over the action. Id. Accordingly, since Defendant has attempted to appeal a nonfinal order that has not been certified for an interlocutory appeal, "the notice of appeal is plainly defective, and this Court retains jurisdiction over the action." Talal, 2022 WL 826324, at *2 n.2 (citing cases).

The Court now turns to the merits of Defendant's motion. Motions for reconsideration in this district are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the court. See Hunt v. Enzo Biochem. Inc., No. 06 Civ. 170, 2007 WL 1346652, at *1 (S.D.N.Y. May 7, 2007). "Reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservations of scarce judicial resources.'" Id. at *1 (quoting In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). For this reason, Local Civil Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." Dietrich v. Bauer, 76 F. Supp. 2d 312, 317 (S.D.N.Y. 1999).

Motions for reconsideration are properly granted if there is a showing of "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. National Media Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation and internal quotation marks omitted). The burden on the movant is high to ensure finality in decisions, discourage repetitive arguments and to prevent a losing party from rearguing a decision after examination in an attempt to correct prior inadequacies. See Nowacki v. Closson, No. 99-CV-975, 2001 WL 175239, at *1 (N.D.N.Y. Jan. 24, 2001) (citations and quotation marks omitted); see also Almonte v. City of Long Beach, No. CV 04-4192, 2005 WL 1971014, at *1 (E.D.N.Y. Aug. 16, 2005). The party seeking reconsideration

may not "advance new facts, issues or arguments not previously presented to the Court." Almonte, 2005 WL 1971014, at *4 (quoting Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland, 768 F. Supp. 115, 116 (S.D.N.Y. 1991)).

      Here, Defendant seeks to reconsider the Court's September 8, 2022 Order on the ground that the Court overlooked certain matters in rendering its decision. Defendant again requests that the Court strike Plaintiffs' Complaint or, in the alternative, reopen discovery and order Plaintiffs to respond to Defendant's discovery demands. Defendant also requests that he be awarded all of his attorney's fees incurred in this action from August 29, 2019 to date. (Def. Mem. of Law in Supp. of Mot. for Reconsideration 2, DE [76].) The information Defendant posits that the Court overlooked, however, is information all readily available on the docket of this action, as well as prior orders issued by the Court. In effect, Defendant is arguing that the Court failed to prepare for the hearing with respect to his motion for sanctions and somehow did not take into account its own prior orders in rendering its September 8, 2022 decision. The Court assures Defendant that all such information was duly considered prior to the issuance of the September 8, 2022 Order. There is nothing the Court overlooked with respect to this action.

      It is well-settled that "[a] motion for reconsideration is not a substitute for an appeal . . . Nor is it 'a second bite at the apple for a party dissatisfied with a court's ruling." Hunt, 2007 WL 1346652, at *1 (quoting Pannonia Farms, Inc. v. USA Cable, No. 03 Civ. 7841, 2004 WL 1794504, at *2 (S.D.N.Y. Aug. 10, 2004)). That is precisely what Defendant is seeking to do here – reargue a motion he has already lost.

      For the foregoing reasons, the Court grants Defendant's motion for reconsideration and, upon reconsideration, adheres to the decision rendered on September 8, 2022. Accordingly, Defendant's request for the ultimate sanction of dismissal of the Complaint herein is again

denied. Instead, Plaintiff is precluded from introducing any evidence at trial, other than the settlement agreement that forms the basis of this action. Defendants are not similarly precluded and discovery remains closed. The Court will issue a separate order with respect to the reasonable attorney's fees and costs to be awarded to Defendant.

**SO ORDERED.**

Dated: October 12, 2022
      Central Islip, New York

                                          /s/ Anne Y. Shields
                                          ANNE Y. SHIELDS
                                          United States Magistrate Judge