UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

**WASEEM AKRAM, NADEEM AKRAM,** :

Plaintiffs, :

– against – : **DECISION & ORDER**

: 17-CV-2758 (AMD) (AYS)

**KHURSHID MUGHAL,** :

Defendant. :

---------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

The plaintiffs brought this action alleging breach of contract in May 2017. The plaintiffs repeatedly missed discovery deadlines, prompting Magistrate Judge Anne Shields to impose monetary sanctions on two separate occasions. (Court Orders, February 6, 2020, February 24, 2020). Nevertheless, the plaintiffs continued to ignore their discovery obligations, including to make a diligent search of documents responsive to the defendant's requests. The defendant moved pursuant to Federal Rule of Civil Procedure 37 to strike the plaintiffs' complaint. After a hearing on September 8, 2022, at which one of the plaintiffs testified, Judge Shields denied the defendant's motion to strike the complaint, but "in view of the serious discovery violations and misrepresentations," precluded the plaintiffs from introducing any evidence other than the settlement agreement at trial and ordered them to pay all attorney's fees and costs related to the defendant's motion for sanctions. (ECF No. 72.) The defendant moved for reconsideration under Local Civil Rule 6.3 (ECF No. 78), and filed an interlocutory notice of appeal. (ECF No. 79.) In an October 12, 2022 order, Judge Shields granted the motion for reconsideration and adhered to her decision. (ECF No. 80.) The defendant then asked Judge Shields' permission to appeal the September 8 and October 12 orders to the Second Circuit. (ECF No. 82.) The Second

Circuit held the interlocutory appeal in abeyance pending Judge Shield's decision on the defendant's motion for leave to appeal. (ECF No. 84.) On November 16, 2022, finding no ground to certify the September 8 and October 12 orders as immediately appealable, Judge Shields denied the motion, and recommended that "the assigned District Judge decline to certify the Discovery Order as immediately appealable to the Second Circuit on any ground whatsoever." (ECF No. 88.) The defendant filed a timely objection to that order. (ECF No. 89.) For the reasons stated below, I adopt Judge Shield's report and recommendation in its entirety.

When a party submits a timely objection to a report and recommendation, the district judge reviews the parts of the report and recommendation to which the party objects *de novo*. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.")

Having presided over this case for its entirety, Judge Shields is thoroughly familiar with the nature of the discovery requests and the plaintiffs' multiple discovery violations. After considering that evidence, including one plaintiff's testimony at the sanctions hearing, Judge Shields declined to recommend that I dismiss the plaintiff's case. Nevertheless, she imposed serious sanctions against the plaintiffs, which included precluding them from introducing any evidence, except the settlement agreement, at trial.

Judge Shields' order is not appealable under the collateral order doctrine. A final decision for the purpose of an interlocutory appeal is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Vera v. Republic of Cuba*, 802 F.3d 242, 246 (2d Cir. 2015) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)). "Under the collateral order doctrine, an interlocutory order can also be deemed final and

immediately appealable under § 1291 if it '(1) conclusively determines a disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from final judgment.'" *Id*. (quoting *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 205-06 (2d Cir. 2012)). While Judge Shields' order was conclusive, it did not "resolve an important issue completely separate from the merits of the action;" evaluation of the appropriateness of the sanctions would require "the reviewing court to inquire into the importance of the information sought or the adequacy or truthfulness of a response." *Linde v. Arab Bank, PLC*, 706 F.3d 92, 104 (2d Cir. 2013) (quoting *Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 205 (1999)).

Nor is the order certifiable as an interlocutory appeal under 28 U.S.C. § 1292(b), which permits a district judge to certify that an order in a civil action not otherwise appealable "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Judge Shields' discovery order does not involve a "controlling question of law." Rule 37(b) authorizes sanctions upon a party for failure to comply with a discovery order, so long as those sanctions are "just." Whether the complaint should be stricken is a "fact-specific inquiry, and inappropriate for interlocutory review, as Section 1292(b) is not . . . a mechanism 'for securing early resolution of disputes concerning whether the trial court properly applied the law to the facts." *In re Facebook, Inc., IPO Sec. & Derivative Litig*., 986 F. Supp. 2d 524, 537 (S.D.N.Y. 2014) (internal quotations omitted); *see also Chase Manhattan Bank, N.A. v. Turner & Newall, PLC*, 964 F.2d 159, 166 (2d Cir. 1992) (holding interlocutory discovery orders are generally not appealable).

Accordingly, the defendant's application is denied. I adopt Judge Shield's sensible report and recommendation in its entirety.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
January 6, 2023