UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

WASEEM AKRAM and NADEEM AKRAM,

                                                       **ORDER**
               Plaintiffs,                         CV 17-2758 (AMD)(AYS)
   -against-

KHURSHID MUGHAL,

               Defendant.
-------------------------------------------------------------X

**SHIELDS, United States Magistrate Judge:**

In an Order dated September 8, 2022, this Court rendered a decision on a discovery motion for sanctions brought by Defendant (the "Discovery Order"). The Discovery Order denied Defendant's request for the ultimate sanction of dismissal, but otherwise granted sanctions against Plaintiffs, Waseem Akram and Nadeem Akram, in the form of a preclusion order and a direction to pay Defendant's reasonable attorney's fees and costs incurred in making the motion for sanctions. On September 22, 2022, Defendant moved for reconsideration of the Discovery Order. Thereafter, on October 11, 2022, this Court adhered to its decision as to the Discovery Order. (Docket Entry ("DE") [80].)

Defendant submitted his application for attorney's fees and costs on September 22, 2022, seeking fees going back to July 2020 in the amount of $93,820.70. (DE [75].) By Order dated October 17, 2022, this Court advised Defendant that, consistent with the Discovery Order, fees will only be recoverable for the time period October 29, 2021 – the date of Defendant's pre-motion conference request – through September 8, 2022 – the date of the hearing held on the motion for sanctions. Defendant was directed to submit a revised fee application, along with contemporaneous billing records, which he did on November 15, 2022. (DE [86].) Plaintiffs filed their opposition to Defendant's fee application on December 2, 2022. (DE [90].)

1

In the Second Circuit, the "starting point" for calculating a "presumptively reasonable fee," is "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'") (quoting Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany, 522 F.3d 182, 183 (2d Cir. 2008)). The Supreme Court has held that "the lodestar method produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." Perdue v. Kenny A., 559 U.S. 542, 551 (2010) (emphasis in original). "[T]he lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee.'" Id. at 553 (citation omitted); see also Arbor Hill, 522 F.3d at 190-91 (holding that a court determines a "presumptively reasonable fee" by considering case specific factors in order to establish a reasonable hourly rate that a "reasonable, paying client would be willing to pay," and then multiplying that rate by the number of reasonable hours). This assessment is undertaken "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190.

The reasonableness of hourly rates is guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984), and the relevant community is generally the "district in which the court sits." Polk v. New York State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983). Moreover, "[t]he burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed," Hugee v. Kimso

Apartments, LLC, 852 F. Supp. 2d 281, 291 (E.D.N.Y. 2012), and this Circuit requires contemporaneous billing records for each attorney who worked on the action. See Scott v. City of New York, 643 F.3d 56, 57 (2d Cir. 2011). Finally, there is a "strong presumption" that the lodestar represents the appropriate award, though "enhancements may be awarded in rare and exceptional circumstances." Perdue, 559 U.S. at 552.

Here, Defendant seeks $51,522.50 in attorney's fees and $1,868.83 in costs associated with his motion for sanctions, at an hourly rate of "$275 to $425 depending on if the attorney is a managing partner, partner, or associate." (DE [86] ¶ 6.) While Defendant has submitted contemporaneous billing records in support of the motion, noticeably absent is any information with respect to what attorneys worked on this matter or their relevant credentials. All that the Court has to consider is the affirmation of Defendant's counsel, Steven Spada, and the initials of each individual who billed time to this action, as set forth in the billing records.

"The determination of what constitutes a reasonable hourly rate . . . requires the submission of information concerning the credentials or experience of counsel applying for fees." Fuchs v. Tara Gen. Contracting, Inc., No. CV 06-1282, 2009 WL 3756655, at *2 (E.D.N.Y. Nov. 3, 2009) (citations and internal quotation marks omitted). Where information concerning the credentials or experience of counsel has not been provided, "a deduction of the hourly rates is warranted." RCB Equities No. 3, LLC v. Alma Bldg., LLC, No. 11 CV 1004, 2012 WL 832263, at *6 (E.D.N.Y. Feb. 22, 2012) (citing Molefi v. Oppenheimer Trust, No. 03 CV 5631, 2007 WL 538547, at *6 (E.D.N.Y. Nov. 17, 2007)), adopted as modified by, 2012 WL 832286 (E.D.N.Y. Mar. 12, 2012); see also Fuchs, 2009 WL 3756655, at *2 ("Where such information is lacking, the court may reduce the award of attorney's fees accordingly."); Night Hawk Ltd. v. Briarpatch Ltd., No. 03 Civ. 1382, 2004 WL 1375558, at *4 (S.D.N.Y. June 17,

2004) ("[W]here no information is provided concerning the credentials or experience of counsel applying for fees, it is appropriate to reduce the amount of a fee award sought.").

In light of Defendant's counsel's complete omission of any information relating to the credentials of the attorneys who billed time to this action, the Court is unable to determine whether the individuals reflected in the billing records submitted are associates or partners, let alone if they are even attorneys as opposed to paralegals. This is the second time the Court has permitted Defendant's counsel to submit the within application. The first submission lacked the inclusion of contemporaneous billing records, a prerequisite to any award of attorney's fees in this circuit. Despite being given the opportunity to shore up its application, Defendant's counsel failed again to submit a proper application, this time omitting the foregoing credential information. The Court will not permit Defendant another chance to refine his motion. Instead, as a result of Defendant's counsel's failure to include the necessary information, the Court will award $150.00 per hour for all individuals reflected in the billing records submitted.

With respect to the hours billed, Defendant seeks reimbursement for 127.70 hours of time billed between October 29, 2021 and September 8, 2022. The Court finds this number to be extremely excessive. While the Court acknowledges that Plaintiffs' actions herein brought about the instant sanctions award, and that Plaintiffs' counsel requested multiple adjournments of the hearing that was ultimately held with respect to the within application, a review of the billing records reflects that much of the time billed is duplicative in that "SS" and "JR" are billing for the same tasks. Moreover, the hearing held before the Court on September 8, 2022 involved the testimony of one witness and lasted less than two hours. It was not necessary for both "SS" and "JR" to attend that hearing, yet they both chose to do so and both seek reimbursement at their full hourly rate for travel time, despite the long-standing rule that "travel time is appropriately

reimbursed at one-half the determined hourly rate." Torcivia v. Suffolk County, 437 F. Supp. 3d 239, 256 (E.D.N.Y. 2020) (citing cases). For all these reasons, this Court is making an across-the-board deduction of twenty-five percent. See Smith v. City of New York, No. 19-cv-6198, 2022 WL 939711, at *6 (E.D.N.Y. Mar. 28, 2022) ("Where entries on a time sheet are vague or duplicative or otherwise insufficient, a court need not itemize individual entries as excessive; rather, it may make an 'across-the-board reduction, or percentage cut, in the amount of hours.'") (quoting Martinez v. City of New York, 330 F.R.D. 60, 72 (E.D.N.Y. 2019)); T.S. Haulers, Inc. v. Cardinale. No. 09 CV 0451, 2011 WL 344759, at *3 (E.D.N.Y. Jan. 31, 2011) ("In reducing the 'lodestar' amount, the court may exclude the excessive and unreasonable hours from its calculation by making an across-the-board reduction, or percentage cut, in the amount of hours.") (citing Green v. City of New York, 403 Fed. App'x 626, 630 (2d Cir. 2010)). Applying the foregoing reductions, the Court finds that Defendant is entitled to $14,367.00 in attorney's fees as a sanction for Plaintiffs' conduct herein, in accordance with the Discovery Order dated September 8, 2022.

With respect to costs, Defendant seeks $1,868.63 in hotel and airfare costs associated with his travel for the hearing held on September 8, 2022, as well as the hearing that was scheduled to take place on July 26, 2022, for which Plaintiff requested an adjournment only the day prior and the Court ultimately granted. Reasonable and identifiable out-of-pocket disbursements ordinarily charged to clients are recoverable. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998). As the Court stated in the Discovery Order, Defendant is entitled to recover all travel expenses associated with the sanctions motion. Accordingly, Defendant's request for reimbursement of $1,868.63 in travel costs is granted.

Based on the foregoing, Defendant is awarded $14,367.00 in attorney's fees and $1,868.63 in costs as a sanctions award for Plaintiffs' conduct herein, as set forth in the Discovery Order. Plaintiffs shall make payment to Defendant's counsel within two (2) weeks of the date of this Order. As previously stated, discovery in this matter is closed. Any party seeking to make a dispositive motion shall initiate that process, consistent with the Individual Rules of the assigned District Judge, within thirty (30) days of the date of this Order.

**SO ORDERED.**

Dated: Central Islip, New York
      March 17, 2023

                                             /s/ Anne Y. Shields
                                            ANNE Y. SHIELDS
                                            United States Magistrate Judge